Filed 3/16/22  P. v. Provost CA4/3
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN ANTHONY PROVOST,<br><br>    Defendant and Appellant. | G059248<br><br>(Super. Ct. No. 17WF0720)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

This is the third opinion we have written in this case. Following our most recent one, we granted rehearing to consider the effect of Assembly Bill No. 518 (AB 518) on appellant's sentence. Effective January 1, 2022, AB 518 amended Penal Code section 654 to give trial courts the authority to impose sentence for any offense, not just the greatest offense, when that section applies to preclude multiple punishment for crimes that were based upon a single act or omission.[1] Because the judgment in this case is not yet final, we agree with the parties that appellant is entitled to the benefit of AB 518, as well as any other new sentencing provisions that may apply to his case. Therefore, we reverse appellant's sentence and remand the matter for a new sentencing hearing. We also direct the trial court to resolve a key factual issue relating to appellant's presentence credits. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed statement of facts is set forth in our first opinion in this case, *People v. Provost* (Mar. 4, 2020, G056297) [nonpub. opn.] (*Provost I*).)[2] For purposes of this appeal, it is sufficient to note that when the police arrested appellant as part of an undercover drug sting, they found heroin, methamphetamine, and a loaded handgun in his car.

Following a jury trial, appellant was convicted of 10 crimes. As relevant here, in counts 4 through 7, the jury found appellant guilty of possessing a firearm after having previously been convicted of a violent offense, possessing a firearm in a vehicle while a felon, possessing a firearm while a felon, and possessing heroin while armed with a loaded firearm. (§§ 29900, 25400, 29800; Health & Saf. Code, § 11370.1.) It is undisputed all four of those counts stemmed from appellant's single act of unlawfully possessing a firearm in his car. As a third-strike offender, appellant was sentenced to 33

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

[2] At the parties' request, we take judicial notice of the appellate record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

2

years to life in prison.  The trial court granted him 377 days of presentence custody credit, but it did not award him any presentence conduct credit.

On appeal, we affirmed appellant's convictions but remanded the matter for resentencing with directions for the trial court to confirm the period of appellant's actual presentence custody and award him presentence credits as appropriate.  (*Provost I, supra,* G056297, at pp. 15-16.)  On remand, the trial court sentenced appellant to 25 years to life, plus 7 years and 4 months.  That sentence included a 6-year term on count 7, plus concurrent 4-year sentences on counts 4 through 6.  The court also awarded appellant 403 days of custody credit and 403 days of conduct credit, for a total of 806 days of presentence credit.

Targeting various aspects of his sentence, appellant again appealed.  We agreed with him that his sentences on counts 4 through 6 violated section 654 because those counts were based on the same act as count 7, i.e., possessing a single firearm in his car.  (*People v. Provost* (Oct. 26, 2021, G059248) [nonpub. opn.] (*Provost II*).  Because count 7 carried the longest term of imprisonment, we affirmed appellant's sentence on that count and ordered the trial court to stay sentence on counts 4 through 6.  (*Id*. at pp. 3-5.)  We also directed the trial court to ascertain the date appellant was arrested and calculate his presentence custody and conduct credits accordingly, and to amend the abstract of judgment to correct a clerical error on count 11.  (*Id*. at pp. 4-5.)  In all other respects, we affirmed.  (*Id*. at p. 5.)

But legislative events overtook us.  We granted rehearing to determine the effect of AB 518 on appellant's sentence.  For the reasons explained below, we agree with the parties that AB 518 necessitates a reversal of appellant's sentence, which moots any issues pertaining to the clerical error on count 11.  However, our analysis of the credits issue remains unchanged from our prior opinion.

## DISCUSSION

### *Section 654*

Appellant contends the trial court violated section 654 by imposing sentence on counts 4 through 6 because they were based on the same act that formed the basis for his conviction on count 7. As respondent concedes, the claim is well taken. It is also undisputed AB 518 applies retroactively to authorize the imposition of sentence on any one of those four counts, not just the count that carries the longest prison term.

At the time appellant was resentenced on remand, section 654 provided, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Former § 654, subd. (a).) As we noted in *Provost II*, this provision applied to appellant because he was convicted of four separate crimes in counts 4 through 7 based on the lone act of unlawfully possessing a single firearm in his car. (*Provost II*, *supra*, G059248, at p. 3, citing *People v. Jones* (2012) 54 Cal.4th 350, 357 [section 654 bars multiple punishment for multiple offenses based on the unlawful possession of a single firearm]; *People v. Washington* (2021) 61 Cal.App.5th 776, 777-780 [same].)

However, with the passage of AB 518, which became effective on the first of this year, section 654 now provides, "An act or omission that is punishable in different ways by different provisions of law may be punished *under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added, as amended by Stats. 2021, ch. 441.) Therefore, trial courts are no longer required to impose punishment for the crime that carries the longest term of imprisonment. This change affords trial courts greater discretion to fashion a sentence that is commensurate with the defendant's culpability.

Regarding AB 518's applicability in this case, respondent concedes that because appellant's judgment is not yet final, he is entitled to the benefit of that new law.[3] Indeed, the law is well established that ameliorative changes to criminal statutes generally apply to all cases that are not yet final when the change takes effect. (See, e.g., *People v. Frahs* (2020) 9 Cal.5th 618 [applying rule to diversion statute]; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299 [applying rule to juvenile transfer hearing statute]; *In re Estrada* (1965) 63 Cal.2d 740 [applying rule to penalty reduction statute].) We see no reason to deviate from that rule in this case.

To his credit, the Attorney General also admits that, in addition to AB 518, appellant may be entitled to the benefit of other sentencing provisions that became effective on January 1, 2022, such as Assembly Bill No. 124 and Senate Bills No. 81 and 567, which are favorable to criminal defendants. Although we express no opinion on whether those provisions apply in this case, appellant is entitled to a full resentencing hearing so the trial court can make that determination in the first place. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 [when part of a sentence is reversed on appeal, the full resentencing rule permits the trial court to revisit all prior sentencing decisions and sentence the defendant anew].) Therefore, we will remand for a new sentencing hearing under current law.

*Presentence Credits*

As noted above, the trial court did not award appellant any presentence conduct credits at his original sentencing hearing. On appeal, respondent conceded this was error, and we agreed. However, because the record was unclear as to when appellant was taken into custody, we remanded for the trial court to determine the period of appellant's actual custody and award him appropriate custody and conduct credits based on that determination.

---

[3] This concession is consistent with respondent's position in other cases that we have judicially noticed at appellant's request. (Evid. Code, §§ 452, subd. (d), 459.)

5

On remand, the trial court did not do this.  Instead, it calculated appellant's presentence credits based on the date he was transported to prison.  This was error.  The court also failed to recognize appellant was entitled to presentence custody credit from the time he was taken into custody until the time he was resentenced.  (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 [although a defendant cannot receive presentence *conduct* credit once he starts serving his prison sentence, "when a prison term already in progress is modified as a result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison"].)  Accordingly, as part of the resentencing process, the trial court must recalculate appellant's presentence credits and award him all such credits to which he is legally entitled.

## DISPOSITION

Appellant's sentence is reversed, and the matter is remanded for full resentencing consistent with the views expressed herein.  In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.